UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **CLINTON STRANGE** | **CIVIL ACTION NO. 18-0325** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **WAL-MART INC.** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the Court is a motion to dismiss for lack of standing filed by Defendant Wal-Mart Inc. ("Wal-Mart"). [Record Document 7]. Because the Court finds that Clinton Strange ("Strange") has not alleged a concrete injury caused by Wal-Mart's violation of the Fair and Accurate Credit Transaction Act ("FACTA"), the motion is **GRANTED**, and Strange's complaint is **DISMISSED WITHOUT PREJUDICE**.

I. <u>Background</u>

To reduce the risk of identity theft, FACTA provides: "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1) (2012). Intentional violations expose a merchant to liability for "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A) (2012); for negligent noncompliance, a merchant is liable for actual damages only. 15 U.S.C. § 1681o(a)(1) (2012).

1

Strange alleges that he visited a Wal-Mart store on October 13, 2015 where he paid for his purchases with a credit card. [Record Document 3 at 3]. Upon returning home, he placed the receipt in a shoe box. [*Id.*]. On January 1, 2018, he noticed that the receipt included the last four digits of his credit card number and the expiration date. [*Id.* at 4]. Concerned by this apparent FACTA violation, Strange contacted Wal-Mart via an online form and was then instructed to speak with a manager at the store that issued the receipt. [*Id.*]. Strange alleges that as a result of his trip to Wal-Mart to speak with the manager he "incurred expenses regarding lost time from work, [m]ileage, and any future costs both known and unknown as a direct and proximate cause of the Defendant's willful and/or negligent actions." [*Id.* at 10].

Wal-Mart moved to dismiss, arguing that Strange lacks standing to assert a procedural violation of FACTA because he did not allege that the appearance of the expiration date on the receipt caused him any injury. [Record Document 7]. Strange has responded, asserting that lost time at work due to the trip to Wal-Mart suffices to create standing. [Record Document 10].

## II. Law & Analysis

### A. Federal Rule of Civil Procedure 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for the dismissal of a plaintiff's claims for lack of subject matter jurisdiction. "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The plaintiff bears the burden of establishing subject matter jurisdiction. *In re FEMA Trailer*

*Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009), *vacated on other grounds*, 608 F.3d 266 (5th Cir. 2010)). To determine whether it has subject matter jurisdiction, the Court can look to "the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A defendant's Rule 12(b)(1) motion is a "facial attack" unless supplemented with affidavits, testimony, or other evidentiary materials. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In considering a "facial attack," the Court "is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands." *Id.* Because Wal-Mart submitted no evidence with its Rule 12(b)(1) motion, it has raised a "facial attack;" thus, the Court need only determine whether Strange's complaint sufficiently alleges the necessary jurisdictional facts.

B.     **Standing Requirement for Federal Subject Matter Jurisdiction**

Federal court have jurisdiction only over "cases" and "controversies" that are "amenable to, and resolved by, the judicial process." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (citing *Muskrat v. United States*, 219 U.S. 346, 356–57 (1911)). For a case to be justiciable, the plaintiff must have standing. *Id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Standing requires that a plaintiff demonstrate:

> (1) [she] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). A particularized injury is one that "affects the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. A concrete injury is one that "actually exist[s]," whether tangible or intangible. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548–49 (2016).

In *Spokeo, Inc. v. Robins*, the Supreme Court clarified that even when alleging the violation of a statutory right, a plaintiff must still possess Article III standing. *Id.* at 1549 (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)). Although Congress may "identify[] and elevat[e] intangible harms," a plaintiff cannot survive a 12(b)(1) dismissal by "alleg[ing] a bare procedural violation, divorced from any concrete harm." *Id.* (citing *Summers*, 555 U.S. at 496). Nevertheless, a "risk of real harm" may be sufficiently concrete. *Id.* (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013)).

C. **Strange's Standing**

Wal-Mart argues that Strange lacks standing because he has not alleged any concrete injury caused by the presence of the expiration date on the receipt. [Record Document 7-1 at 14–17]. In response, Strange asserts that he suffered concrete injuries of time spent reviewing receipts and traveling to Wal-Mart to speak with a manager and worry that receipts that he had discarded may have contained an expiration date. [Record Document 10 at 3].

Although the Fifth Circuit has not ruled on the question, every post-*Spokeo* appellate decision addressing plaintiffs's standing to assert FACTA violations has concluded that when no one other than the customer sees the non-compliant receipt, "it is hard to imagine how the

4

expiration date's presence could . . . increase[] the risk that [the customer's] identity would be compromised." *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016) (citing *Spokeo*, 136 S. Ct. at 1550); *see Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 783 (9th Cir. 2018) (rejecting the plaintiff's theory of "'exposure' to identity theft" as insufficiently analogous to injuries cognizable under common law and as incompatible with Congressional judgment that the appearance of the expiration date alongside a truncated credit card number on a receipt does not materially increase the risk of identity theft); *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 81–82 (2d Cir. 2017) (holding that standing under FACTA does not exist for the inclusion of an expiration date along with a truncated credit card number without other evidence of a risk of identity theft). The Northern District of Texas agrees: "Simply alleging that a defendant failed to truncate a credit card's expiration date is insufficient to confer Article III standing." *Batra v. RLS Supermarkets LLC*, No. 3:16-CV-2874-B, 2017 WL 3421073, at *8 (N.D. Tex. Aug. 9, 2017) (citing *Crupar-Weinmann*, 861 F.3d at 82). In an analogous case, the Fifth Circuit applied *Spokeo* to hold that a procedural violation of a statute regulating the management of defined benefits plans did not create standing in the absence of allegations that the violation placed any benefits at risk. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 530 (5th Cir. 2016).

Here, Strange has adequately alleged Wal-Mart's FACTA violation of printing the expiration date of his credit card on the receipt. [Record Document 3 at 4]. Because that is merely a "bare procedural violation," *Spokeo*, 136 S. Ct. at 1549, Strange must still demonstrate that he suffered an injury in fact caused by Wal-Mart's conduct. First, Strange alleges that he suffered lost time at work because he needed to review other Wal-Mart receipts he had saved

5

to see if they also violated FACTA as well as lost time and mileage for his trip to Wal-Mart to speak with a manager. [Record Documents 3 at 9–10 and 10 at 3]. A plaintiff cannot manufacture standing through "self-inflicted injuries." *Clapper*, 568 U.S. at 418. At the time Strange discovered the receipt in his shoe box, he had no reason to believe that any person other than himself had seen it. He then elected to spend time reaching out to Wal-Mart and reviewing other Wal-Mart receipts. Because all of these receipts were in his possession, he did not need to review them or bring them to a manager's attention in order to prevent future injury. As a result, the time and mileage he expended do not satisfy the injury-in-fact requirement.

Strange also seeks to recover "future costs both known and unknown" caused by Wal-Mart's FACTA violation. [Record Document 3 at 10]. An injury in fact must be concrete. *Lujan*, 504 U.S. at 560. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Spokeo*, 135 S. Ct. at 1548 (citing *De Facto, Black's Law Dictionary* (10th ed. 2014)). Conjectural or hypothetical injuries are insufficient. *Lujan*, 504 U.S. at 560 (citing *Whitmore*, 495 U.S. at 155). Here, the "unknown" costs are clearly conjectural. By failing to specify which future costs are "known," Strange prevents the Court from determining whether these costs are "actual or imminent." *Id.* Indeed, it is difficult to imagine what additional costs Strange could incur as a result of his credit card's expiration date appearing on a receipt whose only copy is in Strange's possession.

Strange's entire allegation regarding emotional distress appears in his memorandum in opposition to the motion to dismiss:

> Where [sic] it is true that the Plaintiff did not indeed suffer a monetary loss due to identity theft and or [sic] credit card fraud it did cause Plaintiff some amount of worry over how many receipts he did in fact 'toss away' or lose that contained the same information on the electronically printed receipts as the one that was

safely stored in the box as Plaintiff alleges in his complaint.

[Record Document 10 at 3]. It appears that Strange is attempting to allege that the existence of a single non-compliant receipt caused him to fear that his identity <u>may</u> have been compromised by other <u>possible</u> non-compliant receipts that he <u>may</u> have discarded. As the Northern District of Alabama found when evaluating a similar allegation of distress arising from one non-compliant receipt, "any state-of-mind . . . injuries are premised upon a theoretical future harm of identity theft and are too speculatively supported to be imminent." *Taylor v. Fred's, Inc.*, 285 F. Supp. 3d 1247, 1271 (N.D. Ala. 2018). The speculative chain of causation necessary to associate the non-compliant receipt with Strange's alleged distress leads the Court to conclude that his alleged distress is hypothetical and does not constitute an injury in fact. *See Friends of the Earth*, 528 U.S. at 180–81 (citing *Lujan*, 504 U.S. at 560–61).

Although not specifically alleged, Strange may be asserting that printing the expiration date on the receipt exposed him to a risk of identity theft. The Supreme Court has held that a "risk of real harm" may create standing. *Spokeo*, 135 S. Ct. at 1549 (citing *Clapper*, 568 U.S. 398). Strange's receipt sat in a box in his home for over two years. [Record Document 3 at 3–4]. He does not allege that any other person saw or had access to the receipt. Thus, the presence of his credit card's expiration date on the receipt in violation of FACTA exposed him to no real risk of identity theft. *See Meyers*, 843 F.3d at 727 (citing *Spokeo*, 135 S. Ct. at 1550). In the absence of any injury in fact, Strange lacks standing.

III. <u>Conclusion</u>

Because Strange suffered no injury in fact as a consequence of Wal-Mart's action, he lacks

standing to sue. The Court thus lacks jurisdiction, and Wal-Mart's motion to dismiss [Record Document 7] is **GRANTED**.

**IT IS ORDERED** that Strange's claims are **DISMISSED WITHOUT PREJUDICE** for lack of standing.

A judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this ___ day of __MAY__, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE